Robert S. Reder (024117)
BLYTHE GRACE PLLC
3260 North Hayden Road, Suite 103
Scottsdale, Arizona 85251
Telephone: (480) 663-8838
Facsimile: (480) 429-3679
Email: robert@blythegrace.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Tippetts, an individual,<br><br>Plaintiff,<br><br>v.<br><br>Deer Valley Car Care, Inc., an Arizona corporation; Lee E. Jones and Jane Doe Jones, husband and wife; Richard Glass and Jane Doe Glass, husband and wife,<br><br>Defendants. | No.<br><br>**VERIFIED COMPLAINT**<br><br>**(Failure to Pay Wages; Failure to Pay Proper Overtime Rate; Civil Assault)**<br><br>**Jury Trial Requested** |

Plaintiff Brian Tippetts ("Tippetts") for his Verified Complaint against Defendants Deer Valley Car Care, Inc., Lee E. Jones and Jane Doe Jones and Richard Glass and Jane Doe Glass (collectively, "Defendants"), states as follows:

**Preliminary Statement**

1. Tippetts brings this action against Defendants for their unlawful failure to pay regular and overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 ("FLSA") and for their unlawful failure to pay regular and overtime wages in violation of the Arizona Wage Act, A.R.S. Title 23, Chapter 2 (the "Act).

2. This is an action for the recovery of unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA and the Act.

3. Under the FLSA, employers are required to pay a non-exempt employee their wages at their regular rate of pay and a one and one-half times their regular rate of

1 pay for all time spent working in excess of 40 hours in a given workweek.  *See* 29 U.S.C.
2 §§ 203, 206, and 207.

3    4. Under the Act, Arizona law requires employers to pay an employee both
4 their regular rate of pay for all hours worked and a one and one-half times their regular
5 rate of pay for all time spent working in excess of 40 hours in a given workweek.  *See*
6 A.R.S. §§ 23-201, *et seq.*

7    5. The FLSA and the Act impose penalties on employers who violate these
8 laws, willfully or otherwise.

## Jurisdiction and Venue

10    6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 29
11 U.S.C. § 201, *et seq.*, and 28 U.S.C. § 1367 because this civil action arises under the
12 Constitution, the laws of the United States, and Arizona law.

13    7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c)
14 because acts giving rise to Tippetts' claims occurred within the District of Arizona, and
15 Defendants regularly conduct business in and have engaged in the wrongful conduct
16 alleged in this Complaint – and, thus, are subject to personal jurisdiction in – this judicial
17 district.

## Parties

19    8. Tippetts is an individual residing in Maricopa County, Arizona and was at
20 all relevant times a full-time, non-exempt employee of Defendants.  *See* 29 U.S.C. §
21 203(e)(1); 29 U.S.C. § 213(a)(1).

22    9. Deer Valley Car Care, Inc. ("Deer Valley") is an Arizona corporation
23 authorized to do business in the State of Arizona and was at all relevant times Tippetts'
24 employer as defined by 29 U.S.C. § 203(d).

25    10. Defendants Lee E. Jones and Jane Doe Jones (collectively, "Jones") are,
26 upon information and belief, husband and wife.  Jones caused events to take place giving
27 rise to this action as to which their marital community is liable.  Jones is the Vice
28 President and an owner of Deer Valley and was at all relevant times Tippetts' employer

BLYTHE GRACE PLLC
3260 North Hayden Road | Suite 103
Scottsdale, Arizona 85251

2

as defined by 29 U.S.C. § 203(d).

11. Defendants Richard Glass and Jane Doe Glass (collectively, "Glass") are, upon information and belief, husband and wife. Glass has caused events to take place giving rise to this action as to which their marital community is liable. Glass is the President and an owner of Deer Valley and was at all relevant times Tippetts' employer as defined by 29 U.S.C. § 203(d).

12. Defendants employed Tippetts to perform various work, including automobile repair.

13. Tippetts was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

14. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

15. Defendants were and continue to be "employers" as defined by FLSA, 29 U.S.C. § 201, *et seq.*

16. Defendants individually and/or through an enterprise or agent, directed and exercised control over Tippetts' work and wages.

17. Tippetts, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.00.

### **General Allegations**

18. Tippetts incorporates by reference the allegations contained in the forgoing paragraphs.

19. Tippetts worked for Defendants from September 2012 through April 30, 2016 as an automobile mechanic.

20. Tippetts was not a manager in his work for Defendants.

21. Tippetts did not have supervisory authority over any employees in his work for Defendants.

22. Tippetts did not possess the authority to hire or fire employees in his work for Defendants.

3

23.     Tippetts did not direct the work of two or more employees in his work for Defendants.

24.     Tippetts did not exercise discretion and independent judgment with respect to matters of significance in his work for Defendants.

25.     Tippetts did not perform office or non-manual work for Defendants in his work for Defendants.

26.     Tippetts did not possess the authority to make critical job decisions with respect to any Deer Valley employee in his work for Defendants.

27.     Tippetts' primary duty while working for Defendants was not the management of the enterprise in which he was employed or any recognized department of the enterprise in his work for Defendants.

28.     From the commencement of Tippetts' employment with Defendants, he has been a non-exempt employee.

29.     Throughout Tippetts' employment with Defendants, he was required to work substantial regular and overtime hours without compensation.

30.     Tippetts routinely worked with knowledge of Defendants, and generally at Defendants' request, in excess of 40 hours per week during his employment with Defendants.

31.     Defendants' failure to pay Tippetts his regular wages and one and one-half times the applicable hourly rate of pay for all hours worked in excess of 40 per week violated the FLSA and the Act.

32.     Defendants knew that – or acted with reckless disregard as to whether – its failure to pay Tippetts his regular wages and overtime wages would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Tippetts' employment.  As such, Defendants' conduct constitutes a willful violation of the FLSA and the Act.

33.     Tippetts is a covered, non-exempt employee within the meaning of the FLSA and the Act.

4

34. Defendants refused and/or failed to properly disclose to or apprise Tippetts of his rights under the FLSA and the Act.

35. Defendants individually and/or through an enterprise or agent, directed and exercised control over Tippetts' work and wages at all relevant times.

36. Due to Defendants' illegal wage practices, Tippetts is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b) and the Act.

37. On April 30, 2016, Glass met with Tippetts to terminate his employment with Defendants.

38. During that meeting, Glass withdrew a gun located on his hip from its holster, threatening Tippetts.

39. Glass ultimately threw his gun on the ground, but Tippetts feared for his life.

40. Tippetts left Defendants' premises.

41. Defendants' misconduct as set forth above damaged Tippetts, which damages Tippetts is entitled to recover against Defendants.

## Count I

**(FLSA – Failure to Pay Regular and Overtime Wages – Defendants)**

42. Tippetts incorporates by reference the allegations contained in the forgoing paragraphs.

43. Tippetts was a non-exempt employee entitled to statutorily mandated regular and overtime wages related to his work for Defendants.

44. In a given workweek, Defendants failed to pay Tippets regular wages and one and one-half times the applicable regular rate of pay for all hours worked in excess of 40 hours.

45. As a result of Defendants' failure to pay Tippetts his regular wages and one and one-half times his regular rate for all hours worked in excess of 40 per week in a

5

given workweek, Defendants violated the FLSA.

46. Defendants' failure to pay Tippetts his regular and overtime wages owed was willful because Defendants knew that – or acted with reckless disregard as to whether – its failure to pay Tippetts the proper regular and overtime wages would violate federal law, and Defendants were aware of the FLSA's wage requirements during Tippetts' employment with Defendants.

47. Defendants have and continue to willfully violate the FLSA by not paying Tippetts a wage equal to his regular rate of pay and one and one half times his regular rate of pay, when applicable, for all time Tippetts spent working for Defendants.

48. Tippetts is therefore entitled recover from Defendants his unpaid wages, plus an additional equal amount as liquidated damages, together with interest, and reasonable attorneys' fees and costs under the FLSA.

## Count II

**(Arizona Wage Act – Failure to Pay Regular and Overtime Wages – Defendants)**

49. Tippetts incorporates by reference the allegations contained in the forgoing paragraphs.

50. As a result of Defendants' failure to pay Tippetts his regular rate of pay and one and one-half times his regular rate of pay for all hours worked in excess of 40 per week, Defendants violated the Act.

51. Defendants' failure to pay Tippetts his regular and overtime wages owed was willful because Defendants knew that – or acted with reckless disregard as to whether – its failure to pay Tippetts the proper regular and overtime wages would violate Arizona law, and Defendants were aware of Arizona wage requirements during Tippetts' employment with Defendants.

52. Pursuant to A.R.S. § 23-355, Tippetts is entitled to recover from Defendants damages that are treble the amount of wages that Defendants failed to pay to Tippetts, together with interest, and reasonable attorneys' fees and costs under the Act.

## Count III

### (Civil Assault – Glass and Deer Valley)

53. Tippetts incorporates by reference the allegations contained in the forgoing paragraphs.

54. During Tippetts' employment with Defendants, Glass withdrew a gun from a holster located on his waist and threatened Tippets.

55. By withdrawing his gun from his holster, Glass intended to cause harm or an offensive contact to Tippetts.

56. Glass also caused Tippetts to have an apprehension of an immediate harmful and offensive contact – namely being shot.

57. Glass' actions were done within the scope of his employment with Deer Valley and therefore Deer Valley is liable for Glass' actions under Arizona law.

58. Glass' and Deer Valley's actions caused Tippetts to fear for his life, emotional distress, and other damages, which he is entitled to recover against Glass and Deer Valley.

59. Glass' actions were reckless, willful, and done with malice because he intended to intimidate Tippetts and have Tippetts fear for his life, which he did.

60. Tippetts is entitled to recover punitive damages against Glass and Deer Valley.

## Prayer for Relief

Tippetts requests the following relief against Defendants in connection with his Complaint:

A. For the trier of fact to find that Defendants willfully violated the FLSA by failing to pay Tippetts his regular and overtime wages. *See* 29 U.S.C. § 207;

B. For the trier of fact to find that Defendants willfully violated the Act by failing to pay Tippetts his regular and overtime wages. *See* A.R.S. § 23-355;

C. For the trier of fact to award Tippetts his compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at trial;

7

D.  For the trier of fact to award Tippetts his compensatory damages, including treble the amount of wages owed to Tippetts, pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

E.  For the trier of fact to award Tippetts punitive damages in amounts to be determined at trial;

F.  For the trier of fact to award pre-judgment and post-judgment interest on any and all amounts owed to Tippetts;

G.  For the trier of fact to award Tippetts his reasonable attorneys' fees, costs, and expenses incurred in this action under the FLSA and the Act; and

H.  Such other relief as the Court deems proper.

## Jury Trial Demand

Tippetts demands a trial by jury on all claims set forth in this Complaint.

DATED this 15th day of August 2016.

BLYTHE GRACE PLLC

s/*Robert S. Reder*
Robert S. Reder
3260 North Hayden Road, Suite 103
Scottsdale, Arizona 85251
Attorney for Plaintiff

## Verification

State of Arizona              )
                              ) ss.
County of Maricopa            )

I, Brian Tippetts, am the Plaintiff in this action and am authorized to make this verification, and I make the verification for that reason.

I have read the foregoing Verified Complaint and know the contents of the Verified Complaint.

The statements made in the Verified Complaint are true to the best of my knowledge, except as to those matters set forth upon information and belief and, as to those, I believe them to be true.

I declare under the penalty of perjury that the foregoing is true and correct.

Dated this 12th day of August, 2016.

_____
Brian Tippetts